RUCKER, J.,
dissenting.
I respectfully dissent. The majority notes, and I agree, that the text of the Education Clause expresses two duties of the General Assembly. The first is the duty to encourage moral, intellectual, scientific, and agricultural improvement. The second is the duty to provide for a *525 general and uniform system of open common schools without tuition. And although the majority acknowledges, "Judicial enforceability is more plausible as to the second duty than the first," op. at 520, it nonetheless concludes that "the facts stated by the plaintiffs' complaint even if taken as true, would not support the relief requested," id. at 528. I am hard pressed to reconcile these two propositions. First, viewing the complaint in a light most favorable to the plaintiffs, the relief plaintiffs seek is simply a declaration that the education being provided to them and the system for funding that education fall short of the constitutional mandate to provide for a general and uniform system of open common schools. Second, contrary to the majority's view it appears to me that the facts plaintiffs allege in their complaint, which we must take as true for purposes of Trial Rule 12(b)(6), entitle plaintiffs to such a declaration.
In reaching its conclusion the majority focuses on the plaintiffs' assertion concerning "minimum standards of educational quality" to assert that the Education Clause "does not impose upon government an affirmative duty to achieve any particular standard of resulting educational quality." Op. at 522. Even assuming the majority is correct, this reading of plaintiffs forty-eight-page complaint is much too narrow in my view. Essentially, plaintiffs complain that defendants are abdicating their responsibility by not providing for a general and uniform system of education the Constitution demands. - Assertions about educational quality are simply a component of plaintiffs' overall complaint.
In any event the idea that the Education Clause imposes a duty to meet a certain minimum standard of education is not particularly remarkable. See Abbeville County Sch. Dist. v. State, 335 S.C. 58, 515 S.E.2d 535, 540 (1999) (reversing a motion to dismiss for failure to state a claim under the state 'Constitution's education clause holding that "the South Carolina Constitution's education clause requires the General Assembly to provide the opportunity for each child to receive a minimally adequate education"). The court emphasized:
[The constitutional duty to ensure the provision of a minimally adequate education to each student in South Carolina rests on the legislative branch of government. We do not intend by this opinion to suggest to any party that we will usurp the authority of that branch to determine the way in which educational opportunities are delivered to the children of our State. We do not intend the courts of this State to become super-legislatures or super-school boards.
Abbeville, 515 S.E.2d at 541. See also Leandro v. State, 346 N.C. 336, 488 S.E.2d 249, 254 (1997) (holding the North Carolina Constitution's provisions, "The people have a right to the privilege of education, and it is the duty of the State to guard and maintain that right," N.C. Const. art. I, § 15, and, "The General Assembly shall provide ... for a general and uniform system of free public schools ...," N.C. Const. art. IX, § 2(1), required the state to provide children with "an education that meets some minimum standard of quality").
I readily concede that whether plaintiffs can prevail in a trial on the merits of their complaint, or indeed whether they can survive summary judgment, is an open question. But to say in effect that plaintiffs have not presented a justiciable issue is simply wrong in my view. I would therefore reverse the trial court's grant of the defendant's motion to dismiss, and allow this matter to proceed.